## FLORENTINE vs. WILSON.

A deed executed in contemplation of, and as an inducement to a future separation between husband and wife, is void.

ERROR to New York common pleas, where the action was covenant by the trustee against the defendant on articles of

separation between the latter and his wife, to recover a weekly allowance for her support and maintenance.

The articles recited, that, whereas divers unhappy differences and disputes have lately arisen between the said John Wilson and Ellenor, his wife, and they have mutually agreed to live separate, and apart from each other, during their natural lives; and that previous to such separation he, the said John having consented thereto, both proposed and agreed that he, the said John, would allow and pay the said Ellenor for her support and maintenance, and also during a certain term, thereafter, for the support of herself and child, a certain sum of money payable weekly, now, therefore, this indenture witnesseth, &c.   Then followed a covenant on the part of the husband that he would permit and suffer his said wife to live separate and apart from him, and to reside in such place or places, or in such families, and with such friends, as she might think fit; and that he would pay to the trustee for the support and maintenance of her and her child a weekly allowance of six dollars, and after the expiration of the year four dollars a week, for the support and maintenance of his said wife, besides providing for the support and education of his said child, which the said trustee covenanted should be in satisfaction of all money, necessaries, and of all personal charges and expenses whatever to him, the said husband, for the support and maintenance of his said wife.

The defendant pleaded in bar of the action a divorce subsequently granted by the legislature of New Jersey a vinculo matrimonii, to which the plaintiff demurred, and defendant joined.

The court below held the plea bad, but gave judgment against the plaintiff on the ground, that the articles of separation were made in contemplation of a future separation and, therefore, void.

*By the Court*, NELSON, Ch. J.   I concur with the court below, that the recitals in this indenture clearly show that it was made and executed in contemplation of, and as an inducement to a future separation between the defendant

and Ellenor, his wife, and ought not to be upheld. It recites, that the parties had, mutually, agreed with each other to live separate and apart during their natural lives; and that the husband had proposed and agreed that he would pay for her support and maintenance a certain weekly allowance, in pursuance of which arrangement the articles of separation were entered into.

Whatever may be our opinion in a case where a separation has actually taken place for good and sufficient cause, as recognized by the law of the land, in consequence of which, and as arising out of, and founded upon such a state and condition of the marital relations, articles of separation have been entered into by the husband for her maintenance on being relieved from all liability for her debts, we feel bound to say, that no such agreement can receive our sanction, which has for its immediate object such separation; an agreement made, and entered into in contemplation of, and with the express view of bringing it about.

To give validity to such post nuptial contracts, would be but holding out to the parties temptations to the voluntary repudiation of conjugal rights, and abandonment of marital duties—to encourage, in effect, a dissolution of the marriage contract.

Judgment affirmed.